# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN STEVENSON ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 17-14095 |
| NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA,<br>    Defendant | SECTION: "E" (4) |

## ORDER AND REASONS

Plaintiffs Calvin Stevenson, Jr. and Gilmore Wheeler, Jr. filed suit in this case on October 26, 2017, in the Civil District Court for the Parish of Orleans, State of Louisiana.[1] On December 1, 2017, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") removed the case to the Eastern District of Louisiana.[2] Concerned with whether the necessary amount in controversy was met, the Court ordered National Union to provide "summary judgment-type evidence" demonstrating the amount in controversy in this matter exceeds $75,000.[3] In response, National Union filed a memorandum on December 18, 2017 stating that the parties had discussed the issue, and, agreeing that neither party's claim exceeds $75,000, signed a stipulation whereby Plaintiffs agreed to waive all damages to which they may be entitled against National Union that exceed $75,000, and that "they will not ask the Judge or jury to award, and will not seek to enforce any Judgment that comes from this action that is over $75,000, inclusive of statutory fees and penalties, and exclusive of interests and costs."[4] The Court finds Plaintiffs' stipulation is sufficient to demonstrate that it is a "legal certainty"

---

[1] R. Doc. 1-2.
[2] R. Doc. 1.
[3] R. Doc. 6.
[4] R. Doc. 7-1 at 1.

1

Plaintiffs will not be able to recover damages beyond the jurisdictional amount. For the reasons that follow, this action is hereby remanded to the Civil District Court, Parish of Orleans, State of Louisiana.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Calvin Stevenson, Jr. and Gilmore Wheeler, Jr. filed suit in this case on October 26, 2017, in the Civil District Court for the Parish of Orleans, State of Louisiana.[5] Plaintiffs allege they suffered damages as the result of an automobile collision on November 22, 2016. Specifically, Plaintiffs allege that Plaintiff Stevenson was the driver and Plaintiff Wheeler was one of the five unrestrained passengers on a bus that was hit by an underinsured driver, Luzviminda Spears.[6] In their original petition, Plaintiffs did not specify the amount of damages they claimed. Instead, Plaintiffs allege that, as a result of this incident and resulting injuries, they sustained as follows: (1) past, present, and future medical expenses; (2) past, present, and future physical pain and suffering; (3) past, present, and future mental anguish and suffering; (4) permanent disability and loss of function; (5) loss of enjoyment of life; (6) property damage; and (7) loss of earning capacity.[7]

On December 1, 2017, National Union removed this case to federal court.[8] In its notice of removal, National Union explains:

> The Fifth Circuit has found the amount in controversy requirement to be satisfied in cases where plaintiffs allege far less significant injuries and categories of damages in their state court pleadings. Accordingly, it is facially apparent from the allegations in Plaintiff's Petition for Damages that the amount in controversy for their alleged "severe and disabling injuries' exceeds $75,000.[9]

---

[5] R. Doc. 1-2.
[6] R. Doc. 1-1 at 2.
[7] R. Doc. 1-1 at 3-4.
[8] R. Doc. 1.
[9] R. Doc. 1 at 4.

On December 8, 2017, the Court ordered that Defendant provide additional evidence demonstrating that the amount in controversy is met.[10]

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[11] Therefore, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[12] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[13]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[14] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs[15] "The jurisdictional facts supporting removal are examined as of the time of

---

[10] R. Doc. 6.
[11] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[12] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).
[13] 28 U.S.C. § 1441(a).
[14] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[15] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

removal."¹⁶ "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."¹⁷

## LAW AND ANALYSIS

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)."¹⁸ Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages,¹⁹ the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional amount at the time of removal.²⁰ The removing defendant may meet its burden in one of two ways, either (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount is in controversy.²¹

Even if the removing defendant meets its burden in either of these ways, a plaintiff can defeat removal by showing, to a legal certainty, that its recovery will be less than $75,000.00.²² A plaintiff's post-removal affidavit or stipulation offered for this purpose may be considered in limited circumstances. If the amount in controversy is not facially apparent from the allegations in the state court petition and, in fact, is ambiguous at the

---

¹⁶ *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).
¹⁷ *Poche*, 2015 WL 7015575, at *2 (citing *Manguno*, 276 F.3d at 723).
¹⁸ *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). *See also Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
¹⁹ *See* LA. CODE CIV. PROC. Art. 893.
²⁰ *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett*, 171 F.3d at 298.
²¹ *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). *See also Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298.
²² *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). *See also Sterns v. Scottsdale Ins. Co.*, No. 09-6449, 2010 WL 2733771, at *3 (E.D. La. July 8, 2010).

time of removal, the court may consider a post-removal affidavit or stipulation to assess the amount in controversy as of the date of removal.[23] If, on the other hand, the amount in controversy is clear from the face of the state court petition, post-removal affidavits or stipulations that purport to reduce the amount of damages a plaintiff seeks cannot deprive the court of jurisdiction.[24]

Looking to the pleadings, Court finds that, at the time of removal, the amount in controversy in this case was ambiguous. Because the amount in controversy was ambiguous at the time of removal, the Court may consider a post-removal affidavit or stipulation. A plaintiff's stipulation regarding the amount in controversy is binding "if, within that stipulation, [he] expressly renounced [his] right to recover in excess of $75,000.00 in the event [she were] awarded above that amount in state court."[25] In this case, Plaintiffs have (1) expressly stipulated that the amount in controversy does not exceed $75,000.00 for either Plaintiff, (2) waived any damages over $75,000.00, and (3)

---

[23] *Gebbia*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Columbia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (When the affidavit "clarify[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper.). *See also Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195-SDD-RLB, 2015 WL 4772185 (M.D. La. Aug. 12, 2015); *Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La. 2001) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").

[24] *Gebbia*, 233 F.3d at 883.

[25] *McGlynn v. Huston,* 693 F. Supp. 2d 585, 593 (M.D. La. 2010). *See also Cummings*, 2015 WL 4772185, at *4; *Guidry v. Murphy Oil USA, Inc.*, No. 12-559-SDD-RLB, 2013 WL 4542433, at *7 (M.D. La. Aug. 27, 2013); *Printworks, Inc. v. Dorn. Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). *See also Latiolais v. Union Pacific R. Co.*, No. 6:14-2582, 2014 WL 6455595, at *2 (W.D. La. Nov. 12, 2014); *Smith v. State Farm Mut. Aut. Ins. Co.*, No. 09-6522, 2010 WL 3070399, at *2 (E.D. La. Aug. 3, 2010) ("Ambiguity over the amount in controversy was created by the pre-removal petition's allegation that the claims would likely exceed that amount. Through binding affirmative post-removal affidavits attached to the second remand motion, plaintiffs have met their burden of clarifying with legal certainty that their claims at the date of filing in state court are for less than the diversity jurisdictional amount. Therefore, remand is warranted.").

agreed to not enforce a judgment in which more than $75,000.00 is awarded.[26] As a result, the Court finds it is without jurisdiction to hear this matter. Remand is warranted.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that this case is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**New Orleans, Louisiana, this 16th day of January, 2018.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[26] *See* R. Doc. 7-1.